ACCEPTED
01-15-00322-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/9/2015 3:11:12 PM
CHRISTOPHER PRINI
CLERK

01-15-00322-CV

# No. _____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/9/2015 3:11:12 PM

CHRISTOPHER A. PRINE
Clerk

IN THE FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

_____

IN RE ERNESTO CARRILLO AND
TEXAS LPG STORAGE COMPANY,
RELATORS

_____

From the 245th District Court of Harris County, Texas
The Honorable Roy Moore, presiding
Trial Court Cause No. 2014-30215
In the Matter of the Marriage of Evangelina Lopez Guzman Zaragoza and Miguel Zaragoza
Fuentes and Co-Respondents, Elsa Esther Carrillo Anchondo, Robert Dale Caucom, Ernesto
Carrillo, Raoul Gisler, Abbingdon Marine, Inc., Cadogan Properties, Inc., Dade Aviation, Inc.,
Ezar Management, LLC, Ezar Properties, LP, Texas LPG Storage Company, and
Texas Overseas Gas Corp.

_____

**RELATORS ERNESTO CARRILLO'S AND TEXAS LPG STORAGE COMPANY'S
MOTION FOR EMERGENCY STAY OF THE UNDERLYING PROCEEDINGS AND TRIAL**

_____

Ricardo L. Ramos
State Bar No. 24027648
RICARDO L. RAMOS, PLLC
440 Louisiana, Suite 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104
rick@rr-familylaw.com

Lucy H. Forbes
State Bar No. 24007321
THE FORBES FIRM, PLLC
2114 Woodcrest Drive
Houston, Texas 77018
Telephone: (832) 620-3030
Facsimile:  (832) 532-3789
lucy@forbesfirm.com

ATTORNEYS FOR RELATORS, ERNESTO CARRILLO AND TEXAS LPG STORAGE CO.

** ORAL ARGUMENT REQUESTED **

April 9, 2015

Relators Ernesto Carrillo and Texas LPG Storage Company ask this Court for an emergency stay of the underlying proceedings and trial and would show this Honorable First Court of Appeals as follows:

## INTRODUCTION

Relators are Ernesto Carrillo and Texas LPG Storage Company. Real Party in Interest is Evangelina Lopez Guzman Zaragoza. Respondent is the Honorable Roy Moore of the 245th Judicial District Court in Harris County, Texas.

Relators have filed a Petition for Writ of Mandamus. They now file contemporaneously with that Petition, this Motion for Emergency Stay of the Underlying Proceedings and Trial. At present there is no trial setting, but there are underlying proceedings.

Relators notified all parties by electronic filing that a motion for emergency stay has been be filed. *See* TEX. R. APP. P. 52.10(a). At around 2:06 p.m. today, counsel Ricardo Ramos for Relators called counsel for Real Parties in Interest, Jeannie McDowell, who was out of the office, so he left a message with Marissa at her office, and emailed all other counsel, indicating Relators' intention to file this emergency motion to stay.

This Petition for Writ of Mandamus arises from the 245th District Court's denial of Relators' Plea to the Jurisdiction. The underlying matter is a Petition for Divorce, filed by Real Party in Interest, Evangelina Lopez Guzman Zaragoza, to

1

dissolve a marriage from 1953 between she and Miguel Zaragoza Fuentes.

Evangelina filed for divorce in Juárez in 1959, and the Second Civil Court, in the City of Ciudad Juárez,[1] in the State of Chihuahua, Mexico dissolved her marriage to Miguel Zaragoza Fuentes in 1959.

Relators supplied the 245th with the necessary information under Texas Rule of Evidence 201. The trial court's duty to take judicial notice was mandatory. The Mexican Divorce Records establish that there is no marriage, which deprives the 245th of subject matter jurisdiction over a divorce action. Moreover, Evangelina's Texas counsel presented for admission into evidence P-2, which is the original and translated versions, of the Mexican Divorce Sentence and the Mexican Divorce Certificate, at the Plea to the Jurisdiction hearing, and had no objections to Relators' translations. Yet, the 245th refused to take judicial notice of the Mexican Divorce Records, which showed they have been divorced since 1959, and the 245th lacks subject matter jurisdiction to divorce them; thereby abusing its discretion.

Evangelina has initiated two proceedings pending in two different countries: in Juárez, Mexico, she wants the 1959 Mexican divorce annulled, and in the 245th in Harris County, she claims she is still married, and wants a divorce. She cannot collaterally attack the Mexican Divorce Records in the 245th.

---

[1]    The city of Ciudad Juárez is commonly referred to as Juárez.

All of *her* experts who testified at the Plea to the Jurisdiction hearing agreed that the Juárez courts are the proper forum, and the only court with jurisdiction, for an annulment of 1959 Mexican divorce, under Mexican law and procedure, where Evangelina's annulment proceeding is ongoing.

The Relators have no legitimate connection to this family matter. Ernesto Carrillo is Miguel's employee and Texas LPG Storage is Carrillo's company.

Evangelina is forum shopping. Only one of these countries' courts can have subject matter jurisdiction over the legitimacy of the 1959 Mexican divorce. And that court, according to Evangelina's own experts, is the one in Juárez.

Relators seek to have this Court stay the underlying proceedings and the trial so that it may consider their Petition for Writ of Mandamus, whereby they requested that this Court command the 245th vacate its Order Denying the Plea to the Jurisdiction, mandate that it sign an Order dismissing the lawsuit and all its claims so that the court with jurisdiction in Juárez can adjudicate Evangelina's claim, and for all other relief to which they are entitled.

## ARGUMENT AND AUTHORITIES

This Court may grant temporary relief pending its determination of an original proceedings. *See* TEX. R. APP. P. 52.10(b). This emergency stay is necessary to maintain the status quo of the parties and to preserve this Court's jurisdiction to consider the merits of the original proceeding.

The 245th District Court lacks subject matter jurisdiction over this divorce case because, first, Relators supplied the 245th with the necessary information under Texas Rule of Evidence 201 for it to take judicial notice of the Mexican Divorce Records. The trial court's duty to take judicial notice was mandatory. The Mexican Divorce Records establish that there is no marriage, which deprives the 245th of subject matter jurisdiction over a divorce action. Moreover, Evangelina's Texas counsel presented for admission into evidence P-2, which is the original and translated versions, of the Mexican Divorce Sentence and the Mexican Divorce Certificate, at the Plea to the Jurisdiction hearing, and had no objections to Relators' translations. (1-RR-34-35, 67, 161, 166-67). Yet, the 245th refused to take judicial notice of the Mexican Divorce Records, which showed they have been divorced since 1959, thereby abusing its discretion.

Second, the matter of the legitimacy of Evangelina's and Miguel's 1959 Mexican divorce is pending in a simultaneous proceeding in the City of Juárez, in the State of Chihuahua, in Mexico, which Evangelina initiated, where she seeks to annul the divorce under Mexican law. The courts in Juárez, Chihuahua in Mexico, which dissolved the marriage in 1959, have jurisdiction, not the 245th Judicial District Court in Harris County.

Evangelina's own experts all testified that the Juárez, Chihuahua court is *competent* and has *jurisdiction* to decide her annulment of the 1959 Mexican

4

divorce action, which is pending. And the Mexican lawyer representing her in that lawsuit testified at the Plea to the Jurisdiction hearing that Evangelina has the resources and is zealously pursuing her claim to the annul the marriage there. Finally, that same Mexican lawyer is representing Evangelina in another proceeding in Juárez, brought by Miguel, to enforce the 1959 Mexican divorce.

Evangelina initiated the underlying divorce proceeding in the 245th District Court claiming she is married, when at the same time, she is asking the Mexican courts to determine whether she really is. She cannot collaterally attack the 1959 Mexican divorce here.

Evangelina is forum shopping. It's that simple.

Both Mexico's and Texas' courts cannot have subject matter jurisdiction. It's apparent from the witnesses and testimony at the Plea to the Jurisdiction hearing that only the Juárez court that dissolved the marriage in 1959 has jurisdiction, and is a competent court, to consider her challenge to the 1959 Mexican divorce.

Third, and finally, Relators have no legitimate connection to this family matter between Evangelina and Miguel. Carrillo works for Miguel. Evangelina's claims against Relators purport to arise out of or depend upon a matrimonial fiduciary relationship that has not existed for over fifty years, no claims against them can survive dismissal.

Accordingly, the Juárez court is already considering Evangelina's annulment of divorce and has jurisdiction to do so. The 245th has no subject matter jurisdiction.

Thus, Relators respectfully request that this Court stay the underlying proceedings and trial, and for all other relief to which they might be entitled, while it considers their Petition for Writ of Mandamus.

## CONCLUSION

Relators Ernesto Carrillo and Texas LPG Storage Company respectfully request that this Court grant this Motion for Emergency Stay of the Underlying Proceedings and Trial, in order to preserve the status quo pending this Court's determination of the merits of this original proceeding. They seek all other relief to which they might be entitled.

Respectfully submitted,

/s/ *Ricardo L. Ramos*

_____

Ricardo L. Ramos
State Bar No. 24027648
RICARDO L. RAMOS, PLLC
440 Louisiana, Suite 1450
Houston, Texas 77002
Telephone: (713) 227-7383
Facsimile: (713) 227-0104
rick@rr-familylaw.com

Lucy H. Forbes
Texas State Bar No. 24007321
The Forbes Firm, PLLC
2114 Woodcrest Drive
Houston, Texas 77018
Telephone:  (832) 620-3030
Facsimile:  (832) 532-3789
E-mail:  lucy@forbesfirm.com

ATTORNEYS FOR RELATORS, ERNESTO CARRILLO AND
TEXAS LPG STORAGE COMPANY

i

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above Relators Ernesto Carrillo's and Texas LPG Storage Company's Motion for Emergency Stay of the Underlying Proceedings and Trial has been served electronically through the electronic filing manager; in the alternative, it has been served by fax, or by email, as permitted under TEX. R. APP. P. 9.5(b) (1) – (2) and the TEX. R. CIV. P. 21(a)(1) - (2) on this the  day of 9th April, 2015:

| | |
|---|---|
| Jeanne Caldwell McDowell<br>jcm@houstontrialattorneys.com<br>Rebekah H. Birdwell<br>rhb@houstontrialattorneys.com<br>The Law Offices of Jeanne Caldwell McDowell<br>603 Avondale<br>Houston, Texas 77006<br>Fax:  (713) 655-1725 | Mary Olga Lovett<br>lovettm@gtlaw.com<br>Greenberg Traurig, L.L.P.<br>1000 Louisiana, Suite 1700<br>Houston, Texas 77002<br>Fax:  (713) 374-3505 |
| Lindsey Short<br>Adam J. Morris<br>Short Carter Morris, LLP<br>1177 West Loop South, Suite 700<br>Houston, TX 77027<br>Facsimile:  713-759-9650 | Kevin D. Jewell<br>Chamberlain, Hrdlicka, White, Williams & Aughtry<br>1200 Smith Street, Suite 1400<br>Houston, Texas  77002<br>Facsimile: 713-658-2553 |
| The Honorable Roy L. Moore<br>Presiding Judge, 245th District Court<br>Harris County Civil Courthouse<br>201 Caroline, 15th Floor<br>Houston, Texas 77002 | |

_____
Lucy Forbes

ii

## CERTIFICATE OF COMPLIANCE - EXPEDITED NOTIFICATION

Under Texas Rule of Appellate Procedure 52.10(a), I certify that on April 9, 2015, I notified/made a diligent effort to notify by expedited means, all parties to the original proceeding by the method identified below, that a motion for emergency stay had been, or would be, filed.

*By telephone call at 2:06 p.m. by speaking to Marisa*

Jeanne Caldwell McDowell
jcm@houstontrialattorneys.com
Rebekah H. Birdwell
rhb@houstontrialattorneys.com
The Law Offices of Jeanne Caldwell
McDowell
603 Avondale
Houston, Texas 77006
Fax: (713) 655-1725

*By electronic service*

Mary Olga Lovett
lovettm@gtlaw.com
Greenberg Traurig, L.L.P.
1000 Louisiana, Suite 1700
Houston, Texas 77002
Fax: (713) 374-3505

*By email*

Lindsey Short
Adam J. Morris
Short Carter Morris, LLP
1177 West Loop South, Suite 700
Houston, TX 77027
Facsimile: 713-759-9650

*By email*

Kevin D. Jewell
Chamberlain, Hrdlicka, White,
Williams & Aughtry
1200 Smith Street, Suite 1400
Houston, Texas 77002
Facsimile: 713-658-2553

*By electronic filing*

The Honorable Roy L. Moore
Presiding Judge, 245th District Court
Harris County Civil Courthouse
201 Caroline, 15th Floor
Houston, Texas 77002

/s/ Ricardo L. Ramos

_____
Ricardo L. Ramos

## CERTIFICATE OF CONFERENCE

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that by telephone call at 2:06 p.m., I conferred, or made a reasonable attempt to confer, with counsel for Real Party in Interest, Jeanne Caldwell McDowell, about the merits of this Motion for Emergency Stay of the Underlying Proceedings and Trial with the following result:

☐ opposes motion
☐ does not oppose motion
☐ agrees with motion
☐ would not say whether motion is opposed
**X did not return my message regarding the motion**

*/s/ Ricardo L. Ramos*

_____

Ricardo L. Ramos